| | |
|---|---|
| **PETER C. ANDERSON**<br>**UNITED STATES TRUSTEE**<br>Jennifer L. Braun, No. 130932<br>Assistant United States Trustee<br>Katherine C. Bunker, No. 240593<br>Trial Attorney<br>**OFFICE OF THE UNITED STATES TRUSTEE**<br>21051 Warner Center Lane, Suite 115<br>Woodland Hills, California 91367<br>Telephone: (818) 716-8800; Fax: (818) 716-1576<br>Email: kate.bunker@usdoj.gov | FOR COURT USE ONLY |

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>SAN FERNANDO VALLEY DIVISION** | |
| In re<br><br>   **CREEK TRAIL, LLC,**<br><br>                                             Debtor. | |
| **NOTICE OF MOTION AND MOTION UNDER 11 U.S.C. § 1112(b) TO CONVERT OR DISMISS CASE WITH AN ORDER DIRECTING PAYMENT OF QUARTERLY FEES AND FOR JUDGMENT THEREON; DECLARATION OF BANKRUPTCY ANALYST** | CHAPTER 11 CASE NUMBER<br><br>**1:12-bk-13969-MT** |

TO THE DEBTOR, DEBTOR'S ATTORNEY, CREDITORS, AND OTHER INTERESTED PARTIES:

   NOTICE IS HEREBY GIVEN that on the following date and time in the indicated courtroom, the United States Trustee will move, and does hereby move the court for an order either converting the above entitled chapter 11 case to chapter 7 or dismissing the case, for payment of quarterly fees, for judgment thereon and for such other relief as may be appropriate on the grounds set forth below.

---

Hearing Date: **June 7, 2012**  Time: **9:30 a.m.**  Ctrm: **302**
**U. S. Bankruptcy Court**
**21041 Burbank Blvd.**
**Woodland Hills, California 91367**

---

   Local Bankruptcy Rule 9013-1(a)(7) requires that any opposition or response to this motion be stated in writing, filed with the Clerk of the Court and served upon the United States Trustee at the address set forth in the upper left-hand corner of this document, upon the chapter 11 trustee and his or her attorney if a trustee has been appointed, and upon the debtor and the debtor's attorney no less than fourteen (14) days prior to the above hearing date.  The court may treat failure to file a written response to this motion within the required time period as consent to the motion.

**FILING INFORMATION**

   A voluntary petition under chapter 11 was filed on April 29, 2012**.**

| Page 2 - (Form 2.1) | CHAPTER 11 CASE NUMBER |
|---|---|
| In re<br>**Creek Trail, LLC,**<br><div align="right">Debtor.</div> | 1:12-bk-13969-MT |

## DECLARATION OF BANKRUPTCY ANALYST

1. I am employed as a Bankruptcy Analyst in the Office of the United States Trustee for the Central District of California with the responsibility of monitoring the administration of chapter 11 cases.

2. I have reviewed the files of the Office of the United States Trustee in connection with this bankruptcy case. I have personal knowledge of the facts set forth herein and if called as a witness could and would competently testify thereto.

3. To date, the Debtor has failed to file a plan of reorganization and disclosure statement.

4. The Debtor has failed to comply with the requirements of the United States Trustee Chapter 11 Notices and Guides and/or Local Bankruptcy Rules by failing to provide documents, financial reports as follows:

   - A Notice of Setting/Increasing Insider Compensation.
   - Real Property Questionnaire(s).
   - Sufficient evidence of closing of all pre-petition bank accounts including: closing bank statements, a declaration disclosing all pre-petition bank accounts, including the name and address of the bank, the account number, the date the account was closed and the amount in the account at time of closing.
   - Sufficient evidence of opening and maintenance of debtor-in-possession bank accounts including: a voided "debtor-in-possession" check and a copy of the signature card for each account.
   - Sufficient evidence of current insurance coverage including: an insurance declaration page for each policy and a declaration stating that the debtor has all applicable customary insurance required to operate.
   - Proof of required certificates and/or applicable licenses.
   - A list of insiders as defined at 11 U.S.C. § 101(31).
   - Most recently prepared audited and/or unaudited financial statements issued prior to filing.
   - A projected cash flow statement for the first ninety days of operation under chapter 11.
   - Copies of trust agreements to which the Debtor is a party or under which property is held.
   - Conformed copies of recorded petition in each county in which real property is owned.
   - A physical inventory as of the date of filing of the petition.
   - A Statement of Major Issues and Timetable Report.
   - Copies of the preceding three years of state and federal income tax returns and the most recent payroll and sales tax returns.
   - An Employee Benefit Plan Questionnaire.
   - The Monthly Operating Reports for April and May 2012 will be due by the date of this hearing.

5. If this case is converted or dismissed, for the second quarter of 2012, as of the date of the hearing on this motion the Debtor will owe a minimum $325.00 in U.S. Trustee Quarterly Fees together with interest thereon.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on the following date at Woodland Hills, California.

Date of execution: May 15, 2012

By: */s/Carolyn J. Feinstein*
Carolyn J. Feinstein
Bankruptcy Analyst

(This motion is continued on the next page.)

| Page 3 - (Form 2.1) | | CHAPTER & CASE NUMBER |
|---|---|---|
| In re<br><br>**Creek Trail, LLC,**<br><br>Debtor. | | 1:12-bk-13969-MT |

**The United States Trustee submits the following points and authorities in support of this motion:**

1. "[O]n request of a party in interest, and after notice and a hearing, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.  11 U.S.C. § 1112(b)(1).[1]

2. "For the purposes of this subsection, the term "cause" includes- (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; (B) gross mismanagement of the estate; (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public; (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors; (E) failure to comply with an order of the court; (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter; (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor; (H) failure timely to provide information or attend meetings reasonably requested by the United States Trustee (or the bankruptcy administrator, if any); (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief; (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court; (K) failure to pay any fees or charges required under chapter 123 of title 28; (L) revocation of an order of confirmation under section 1144 of this title; (M)  inability to effectuate substantial consummation of a confirmed plan; (N) material default by the debtor with respect to a confirmed plan; (O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and (P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition."  11 U.S.C. § 1112(b)(4).

3. "In a small business case … (2) the plan and disclosure statement (if any) shall be filed not later than 300 days after the date of the order for relief".  11 U.S.C. § 1121(e)(2).

4. Local Bankruptcy Rule 2015-2(b) provides that timely compliance with the reasonable requirements of the Office of the United States Trustee is mandatory.

5. Failure to comply with the reporting requirements of the United States Trustee and the Local Bankruptcy Rules is cause to dismiss a chapter 11 case or convert it to one under chapter 7.  11 U.S.C. § 1112(b)(1) & (b)(4); *see also In re 3868-70 White Plains Road Inc.*, 28 B.R. 515 (Bankr. S.D.N.Y. 1983); *In re Bianco,* 5 B.R. 466 (Bank.  D. Mass.1980); *In re Pappas,* 17 B.R. 662 (Bankr. D. Mass. 1982).

6. The court may convert or dismiss a case where no reasonable possibility of effective reorganization exists, the debtor is unable to effectuate a plan and/or for unreasonable delay which prejudices the rights of creditors.  *See, e.g., In re Johnston,* 149 B.R. 158, 161 (9th Cir. BAP 1992).

7. The court may prohibit the debtor from filing another bankruptcy petition for a period of 180 days where the debtor has failed to properly prosecute the case.  11 U.S.C. §§ 105, 109(g) & 349(a).

8. The United States Trustee Notices and Guides provide that payment of quarterly fees is due upon dismissal of the case.  The United States Trustee requests that the court order payment as requested herein and enter a judgment pursuant to Bankruptcy Rules 9014 and 7052 if the case is dismissed.

---

[1]  As amended by the Bankruptcy Technical Corrections Act of 2010, Pub. L. No. 111-327 (Dec. 22, 2010).

| In re | CHAPTER CASE NUMBER |
|---|---|
| **Creek Trail, LLC,** | **1:12-bk-13969-MT** |
| Debtor. | |

9. In the alternative, the court may appoint a chapter 11 trustee pursuant to 11 U.S.C. §§ 1112(b)(1) and 1104(a). Specifically, §1112(b)(1) provides that a trustee shall be appointed if grounds exist to convert or dismiss the case under § 1112(b), but the court determines that appointing a trustee is in the best interests of creditors and the estate. Here, the debtor has failed to comply with a multitude of the U.S. Trustee's requirements and the Local Rules, which constitutes cause to dismiss a chapter 11 case or convert it to one under chapter 7 pursuant to §§ 1112(b)(4)(F) and (H). *See also* LBR 2015-2(b)("[t]imely compliance is mandatory"); *White Plains Road Inc.*, 28 B.R. 515; *Pappas*, 17 B.R. 662. Therefore, particularly as the debtor has provided no proof of insurance or licenses for its elder care facility, depending on what would serve the best interests of the creditors and the estate, this Court may order conversion, dismissal, or the appointment of a chapter 11 trustee.

**Based on the above facts and law, and also based upon such oral and/or documentary evidence as may be presented at the time of the hearing, the United States Trustee respectfully requests as follows.**

A. That the court grant the United States Trustee's motion herein and either dismiss this case or convert it to one under chapter 7 of the United States Bankruptcy Code. The United States Trustee suggests that dismissal is more appropriate.

B. If the case is converted to one under chapter 7, that the court enter an order requiring debtor's counsel to file a fee application under Bankruptcy Code § 330 within thirty (30) days.

C. If the case is dismissed, that the court enter an order prohibiting the debtor from filing another bankruptcy petition for a period of 180 days after the date of entry of the order of dismissal.

D. If the case is dismissed, that the court order the debtor to pay any quarterly fees due to the United States Trustee forthwith and enter a judgment in favor of the United States Trustee for any unpaid quarterly fees.

E. In the alternative, that the court set dates certain for the debtor to file a disclosure statement and plan, to obtain court approval of the adequacy of information in the disclosure statement, and to obtain court confirmation of a plan of reorganization ("dates certain") and that this court order that the debtor remain in full and timely compliance with the United States Trustee requirements.

F. If the court sets date(s) certain and/or orders that the debtor remain in full and timely compliance with the United States Trustee requirements, that the court further order that if the debtor fails to comply with any date set or to remain in full and timely compliance, that this case may be converted or dismissed without further hearing, upon application of the United States Trustee to the court, served upon debtor and debtor's counsel.

G. That the court order such other and further relief as may be appropriate in the circumstances.

Date of execution: May 15, 2012                    **OFFICE OF THE UNITED STATES TRUSTEE**

By: */s/Katherine Bunker*
       Katherine Bunker
       Trial Attorney

| Page 5 - (Form 2.1) | | CHAPTER 11 CASE NUMBER |
| :--- | :--- | :--- |
| In re | | |
| **Creek Trail, LLC,** | | **1:12-bk-13969-MT** |
| | Debtor. | |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:  21051 Warner Center Lane, Suite 115, Woodland Hills, CA 91367.

The foregoing document described as **NOTICE OF MOTION AND MOTION UNDER 11 U.S.C.  § 1112(b) TO CONVERT OR DISMISS CASE WITH AN ORDER DIRECTING PAYMENT OF QUARTERLY FEES AND FOR JUDGMENT THEREON; DECLARATION OF BANKRUPTCY ANALYST,** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.**  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 15, 2012,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

<div align="center">

X      Service information continued on attached page

</div>

**II.**  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On **May 15, 2012**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

<div align="center">

X      Service information continued on attached page

</div>

**III.**  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 15, 2012,** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

**U.S. Bankruptcy Court—San Fernando Valley Division**
**The Honorable Maureen Tighe**
**21041 Burbank Boulevard**
**Woodland Hills, California 91367**

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 15, 2012 | Veronica Hernandez | */s/ Veronica Hernandez* |
| :--- | :--- | :--- |
| Date | Type Name | Legal Secretary |

| Page 6 - (Form 2.1) | CHAPTER / CASE NUMBER |
|---|---|
| In re<br>**Creek Trail, LLC,**<br><div align="right">Debtor.</div> | **1:12-bk-13969-MT** |

**TO BE SERVED BY ELECTRONIC FILING**

| Katherine Bunker | kate.bunker@usdoj.gov |
|---|---|
| Norberto F Reyes | bankruptcy@reyeslawgroup.com |

**SERVED BY U.S. MAIL**

Creek Trail, LLC
579 N. Creek Trail
Topanga, CA 90290